JULIE WELDON,                             §
                                         §
              Plaintiff,                 §
                                         §
*versus*                                 §          CIVIL ACTION NO. 1:15-CV-62
                                         §
WAL-MART STORES TEXAS, L.L.C.,           §
                                         §
              Defendant.                 §

### MEMORANDUM AND ORDER

Pending before the court is Defendant Wal-Mart Stores Texas, L.L.C.'s ("Wal-Mart")

Traditional and No-Evidence Motion for Summary Judgment (#28), in which Wal-Mart seeks

summary judgment on all claims asserted by Plaintiff Julie Weldon ("Weldon").   Having

considered the pending motion, the submissions of the parties, the pleadings, and the applicable

law, the court is of the opinion that summary judgment is warranted.

I.    Background

On February 7, 2013, Weldon visited the Wal-Mart store in Vidor, Texas.  As she walked

in through the side door, another customer, Amanda Henry ("Henry"), was leaving the store.[1]

Henry was headed toward the same door through which Weldon was entering the store.  Lying

in front of this door, in the vestibule area (lobby) of the store, was a mat, which a Wal-Mart

---

[1] There is some confusion regarding whether this was the side entry door or the side exit door.
Nevertheless, what is clear is that both Weldon and Henry were using the same door.

employee had placed on the floor.[2] Neither Weldon nor Henry noticed anything unusual about the mat as they walked toward it.

As Henry was walking, her boot kicked the edge of the mat, causing it to flip over onto Weldon's feet. Weldon then tripped and lurched forward, eventually falling to the floor. According to Weldon, the mat thrown over her feet caused her to fall, and she suffered severe injuries. Weldon alleges that this mat posed a number of dangerous conditions of which Wal-Mart had actual or constructive knowledge. Specifically, Weldon claims that the mat contained a ripple, which was a tripping hazard, and that it should have been taped or otherwise secured to the floor.

On January 9, 2015, Weldon filed her original petition in the 260th Judicial District Court of Orange County, Texas. Weldon asserts a claim of premises liability under a negligent activities theory and, alternatively, a premises defect theory against Wal-Mart. Wal-Mart removed the action to this court on February 10, 2015, on the basis of diversity of citizenship. Thereafter, on June 10, 2016, Wal-Mart filed the instant motion, asserting that there is no genuine issue of material fact regarding whether: (1) the floor mat posed an unreasonable risk of harm; (2) Wal-Mart had knowledge that the floor mat posed an unreasonable risk of harm; (3) the condition of the floor mat was the proximate cause of Weldon's injuries; and (4) Weldon's injuries were a result of Wal-Mart's contemporaneous activity.

---

[2] Wal-Mart generally placed these mats in the vestibule when it was raining. Weldon, however, has supplied no evidence as to when the Wal-Mart employee placed this mat on the floor. Claudia Duhon ("Duhon"), manager of the Vidor store, testified at her deposition that this could have been done an hour before the incident, or even a day before the incident.

II.    <u>Analysis</u>

    A.    <u>Evidentiary Objections</u>

    As an initial matter, Wal-Mart objects to several portions of Weldon's summary judgment evidence.  Evidence offered for or against summary judgment is subject to the same standards and rules that govern the admissibility of evidence at trial.  *Okpala v. City of Houston*, 397 F. App'x 50, 55 n.15 (5th Cir. 2010); *Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 387-88 (5th Cir. 2009); *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 285 (5th Cir. 2004) (citing *Resolution Tr. Corp. v. Starkey*, 41 F.3d 1018, 1024 (5th Cir. 1995)).  Although a court must view summary judgment evidence in the light most favorable to the non-moving party, "a judge may discount evidence which is unspecific or immaterial."  *Godeaux v. Dynamic Indus., Inc.*, 864 F. Supp. 614, 619 (E.D. Tex. 1994) (citing *Leonard v. Dixie Well Serv. & Supply, Inc.*, 828 F.2d 291, 295 (5th Cir. 1987)).

    First, Wal-Mart objects to Weldon's offer of Henry's lay opinion about mats in other businesses as immaterial and irrelevant.  Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  FED. R. EVID. 401.  During her deposition, Henry testified that she had seen mats at other businesses slip and move around.  Henry stated that she had witnessed people kick these mats up, although she had never seen anyone injured by this.  Weldon argues that these statements are relevant and material because they go to the defect in the mat at issue in this case.[3]  Henry's observations, however, all

---

[3] Weldon also argues that Henry's statements are relevant because Wal-Mart has designated her as a responsible third party.  Nonetheless, Henry's status as a designated responsible third party does not create a link between the allegedly defective mats she witnessed at other stores and the mat at issue here.

relate to mats at businesses other than the Vidor Wal-Mart where Weldon fell. Henry readily admitted that she had never seen this happen at the Vidor Wal-Mart. Further, Henry acknowledged that she is not an expert on mats and would be unable to say whether the mat in question was of the same kind and quality as the mats at the other stores. The events witnessed by Henry in other businesses, involving mats made of unknown materials, do not make it more probable that the mat at issue posed an unreasonable risk of harm.[4] Thus, this testimony is irrelevant. Accordingly, Wal-Mart's objection to this portion of Henry's deposition is sustained, and the court will not consider it.

Second, Wal-Mart objects to Henry's statement that all mats used in businesses should be secured to the floor. Wal-Mart objects on the basis of hearsay, relevance, and improper foundation.[5] In response, Weldon maintains that Henry is entitled to express a lay opinion on this topic. To be admissible, a lay opinion must be based on personal perception and must be helpful to the jury. FED. R. EVID. 701; *United States v. Ebron*, 683 F.3d 105, 137 (5th Cir. 2012) (citing *United States v. Riddle*, 103 F.3d 423, 428 (5th Cir. 1997)). Lay testimony is helpful to the jury when it describes "something that the jurors could not otherwise experience for themselves . . . ." *United States v. Haines*, 803 F.3d 713, 733 (5th Cir. 2015) (citing *United States v. Freeman*, 730 F.3d 590, 595 (6th Cir. 2013)). Thus, testimony on a topic that the jury is fully capable of

---

[4] Presumably, Weldon would argue that this constitutes evidence of the unreasonable risk of harm posed by the mat in question. The court notes that even if this evidence were relevant, evidence of customers tripping or slipping on floor mats in a different store does not constitute evidence that the defendant had knowledge of a condition creating an unreasonable risk of harm in its own store. *See, e.g., Bowman v. Brookshire Grocery Co.*, 317 S.W.3d 500, 504-05 (Tex. App.—Tyler 2010, pet. denied).

[5] While Wal-Mart cites hearsay as grounds for its objection, it does not offer any further explanation or supporting case law. The court fails to see how this testimony is hearsay, as it does not include an out-of-court statement offered for the truth of the matter asserted.

determining for itself is not helpful to the jury and inadmissible under Rule 701. *Haines*, 803 F.3d 713. Jurors are certainly capable of determining for themselves whether floor mats should be secured to the floor. Henry's personal opinion regarding the securing of mats, a topic on which she disclaimed any expertise, therefore, invades the province of the jury and must be excluded. Thus, Wal-Mart's objection to Henry's opinion that all mats should be secured is sustained.

Finally, Wal-Mart objects that evidence of a small, missing piece on the lip of the mat is immaterial. Weldon responds that this piece of evidence is material because it shows that Wal-Mart was willing to, and did in fact, allow the mat to remain on the floor in a defective condition and did nothing to warn or make safe that condition. Weldon, however, does not claim that this missing piece caused or played any role in her fall or that it would have made it easier for the mat to become rippled. Because Weldon does not argue that the missing material had any effect on her fall, this evidence is immaterial and irrelevant. Accordingly, Wal-Mart's objection sustained.

B.    Summary Judgment Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *accord Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Davis v. Fort Bend Cty.*, 765 F.3d 480, 484

(5th Cir. 2014), *cert. denied*, 135 S. Ct. 2804 (2015); *Tech. Automation Servs. Corp. v. Liberty Surplus Ins. Corp.*, 673 F.3d 399, 407 (5th Cir. 2012).

"A fact issue is material if its resolution could affect the outcome of the action." *Hemphill v. State Farm Mut. Auto. Ins. Co.*, 805 F.3d 535, 538 (5th Cir. 2015), *cert. denied*, 136 S. Ct. 1715 (2016); *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014); *accord Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). "Factual disputes that are irrelevant or unnecessary will not be counted." *Tiblier*, 743 F.3d at 1007 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "An issue is '*genuine*' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Hudspeth v. City of Shreveport*, 270 F. App'x 332, 334 (5th Cir. 2008) (quoting *Bazan ex rel. Bazan v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001)). Thus, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hefren*, 820 F.3d at 771 (quoting *Anderson*, 477 U.S. at 248); *Tiblier*, 743 F.3d at 1007; *accord Haverda v. Hays Cty.*, 723 F.3d 586, 591 (5th Cir. 2013).

Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denials in the pleadings but must present affirmative evidence, setting forth specific facts, to demonstrate the existence of a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 322 n.3; *see Beard v. Banks*, 548 U.S. 521, 529 (2006) (quoting FED. R. CIV. P. 56(e)); *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc.*, 738 F.3d 703, 706 (5th Cir. 2013). The court must "review the record 'taken as a whole.'" *Black v. Pan Am. Labs., LLC*, 646 F.3d 254, 273 (5th Cir. 2011) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986))); *see City*

*of Alexandria v. Brown*, 740 F.3d 339, 350 (5th Cir. 2014). The evidence is construed "in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Spring St. Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)).

Furthermore, "only reasonable inferences in favor of the nonmoving party can be drawn from the evidence." *Mills v. Warner-Lambert Co.*, 581 F. Supp. 2d 772, 779 (E.D. Tex. 2008) (citing *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 469 n.14 (1992), *cert. denied*, 523 U.S. 1094 (1998)); *accord Cannata v. Catholic Diocese of Austin*, 700 F.3d 169, 172 (5th Cir. 2012). "If the [nonmoving party's] theory is . . . senseless, no reasonable jury could find in its favor, and summary judgment should be granted." *Stearns Airport Equip. Co., Inc. v. FMC Corp.*, 170 F.3d 518, 528 (5th Cir. 1999) (quoting *Eastman Kodak Co.*, 504 U.S. at 468-69); *accord Shelter Mut. Ins. Co. v. Simmons*, 543 F. Supp. 2d 582, 584-85 (S.D. Miss.), *aff'd*, 293 F. App'x 273 (5th Cir. 2008). "Summary judgment may not be thwarted by conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *Hemphill*, 805 F.3d at 538 (citing *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012)); *see Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *accord Stauffer v. Gearhart*, 741 F.3d 574, 581 (5th Cir. 2014); *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012).

Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp.*, 477 U.S. at 322; *Tiblier*, 743 F.3d at 1007; *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013). In such a

situation, "'[a] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial' and 'mandates the entry of summary judgment' for the moving party." *United States ex rel. Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir.), *cert. denied*, 555 U.S. 1012 (2008) (quoting *Celotex Corp.*, 477 U.S. at 322-23).

C.    Wal-Mart's Motion for Summary Judgment

Weldon advances two separate theories of recovery. First, Weldon asserts that Wal-Mart is liable for various acts, wrongs, and omissions that constitute negligent activities.[6] As an alternative theory of recovery, Weldon alleges that Wal-Mart breached a duty owed to the general public, including Weldon, by failing to protect and safeguard her from unreasonably dangerous conditions on the premises or to warn of those dangers. The unreasonably dangerous condition to which Weldon refers is the unsecured and allegedly rippled mat in the vestibule. Wal-Mart argues that Weldon's injury was the result of a third party's activity rather than Wal-Mart's contemporaneous activity. With regard to the premises defect theory, Wal-Mart argues that the evidence establishes that no condition existed of which it had notice and which constituted an unreasonable risk of harm that proximately caused Weldon's fall. Thus, Wal-Mart challenges three elements of Weldon's premises defect claim: (1) unreasonable risk of harm; (2) knowledge;

---

[6] In its motion, Wal-Mart refers to this theory as a "general negligence cause of action." Nonetheless, the arguments of the parties fall in line with that of a negligent activities theory in a premises liability cause of action. Both parties argue whether it was Wal-Mart's contemporaneous activity or that of a third party that caused Weldon's injury. In any event, a suit brought by an invitee against a possessor of land, whether under a negligent activities or premises defect theory, is essentially a simple negligence action. *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983); *Bowman*, 317 S.W.3d at 503; *Ramirez v. H.E. Butt Grocery Co.*, 909 S.W.2d 62, 67 (Tex. App.—Waco 1995, writ denied). Further, cases involving liability for negligent activities are typically charged as general negligence cases. *Lucas v. Titus Cty. Hosp. Dist./Titus Cty. Mem'l Hosp.*, 964 S.W.2d 144, 153 (Tex. App.—Texarkana 1998, pet. denied). Therefore, the court will analyze this as a negligent activities claim.

and (3) proximate cause.  Additionally, Wal-Mart argues that Weldon has failed to provide sufficient evidence of the same three elements.[7]

### 1.  Negligent Activities

Owners and occupiers of land can be held liable for both negligent activities and conditions on their premises.  *Koch Ref. Co. v. Chapa*, 11 S.W.3d 153, 156 n.3 (Tex. 1999); *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *Martinez v. Houston McLane Co., LLC*, 414 S.W.3d 219, 227 n.32 (Tex. App.—Houston [14th Dist.] 2013, pet. denied); *Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 133 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).  "Recovery on a negligent activity theory requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity."  *Keetch*, 845 S.W.2d at 264; *accord Reyes-Mata v. IBP, Inc.*, 299 F.3d 504, 506-07 (5th Cir. 2002); *Folks v. Kirby Forest Indus., Inc.*, 10 F.3d 1173, 1177 n.8 (5th Cir. 1994); *Timberwalk Apartments, Partners, Inc. v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998).  Conversely, where the injury is caused by a condition created by the activity, a plaintiff is limited to a premises defect theory of liability.  *Olivares v. Mares*, 390 S.W.3d 608, 617 (Tex. App.—Dallas 2012, no pet.) (citing *Lucas*, 964 S.W.2d at 153).

---

[7]  To the extent Wal-Mart seeks a "no evidence" summary judgment under TEX. R. CIV. P. 166a(i), that request is denied, as federal district courts apply FED. R. CIV. P. 56 when ruling on a motion for summary judgment.  *Rosero v. Fuentes*, Nos. 1-10-85, 1-10-51, 2011 WL 4017871, at *2 (S.D. Tex. Sept. 8, 2011) ("[T]his Court applies the federal summary judgment standard, not that of Texas."); *Green v. Tex. A&M Univ. Sys.*, No. H-07-1115, 2008 WL 416237, at *1 n.2 (S.D. Tex. Feb. 14, 2008) ("[W]hile a 'no evidence' summary judgment is authorized under Texas Rule of Civil Procedure 166a(i), there is no such thing under Federal Rule of Civil Procedure 56."); *Royal Surplus Lines Ins. Co. v. Brownsville Indep. Sch. Dist.*, 404 F. Supp. 2d 942, 948 (S.D. Tex. 2005) ("[T]he concept of a 'no evidence' summary judgment neither accurately describes federal law nor has any particular import in the vernacular of federal summary judgment procedure.").

For a negligent activity theory to survive, the evidence must suggest that the plaintiff's injuries were directly related to an activity carried out by the defendant. *Brooks v. PRH Invs., Inc.*, 303 S.W.3d 920, 923 (Tex. App.—Texarkana 2010, no pet.) (citing *Keetch*, 845 S.W.2d at 264)). In this case, the relevant activity is the placing of the mat in the vestibule. It is undisputed that a Wal-Mart employee placed the mat on the floor before Weldon's fall.[8] There is no evidence as to when this occurred. Nevertheless, it is also undisputed that the activity of placing the mat in the vestibule was not ongoing at the time Weldon fell. Rather, Weldon contends that the manner in which the mat was placed created a ripple, which, in turn, caused her to fall. Thus, under Weldon's scenario, she was injured by the condition created by Wal-Mart's activity, not by the activity itself.

Weldon has not alleged any other activity carried out by Wal-Mart or its agents. Accordingly, Weldon has failed to proffer competent summary judgment evidence from which it could be inferred that her fall was the result of a Wal-Mart activity. Therefore, summary judgment is proper with respect to Weldon's negligent activities claim.

2.    Premises Defect

The liability of an owner or occupier of land for injuries resulting from a dangerous condition on the premises depends on the scope of the owner's duty of care toward the plaintiff, as well as a determination that the duty was breached. *Nieman v. City of Dallas*, No. 3:14-CV-3897-M (BF), 2015 WL 4997750, at *4 (N.D. Tex. Aug. 19, 2015); *Blackard v. Fairview Farms*

---

[8] Wal-Mart argues that this fact does not prove that it had sole possession and exclusive control over the mat before or at the time of the incident. Nonetheless, possession and control are irrelevant for purposes of the negligent activities analysis. All that matters is whether Wal-Mart or one of its agents was engaged in an activity at the time of the incident, which, as discussed above, was not the case.

*Land Co.*, 346 S.W.3d 861, 868 (Tex. App.—Dallas 2011, no pet.); *Knorpp v. Hale*, 981 S.W.2d 469, 472 n.4 (Tex. App.—Texarkana 1998, no pet.); *Richardson v. Wal-Mart Stores, Inc.*, 963 S.W.2d 162, 164 (Tex. App.—Texarkana 1998, no pet.) (citing *Thacker v. J.C. Penney Co.*, 254 F.2d 672, 676 (5th Cir.), *cert. denied*, 358 U.S. 820 (1958)).   The relationship between the plaintiff and the landowner is a material factor in determining the degree of care that is required. *See Blackard*, 346 S.W.3d at 868; *Knorpp*, 981 S.W.2d at 472 n.4; *Richardson*, 963 S.W.2d at 164.   The required degree of care varies depending upon the legal status of the plaintiff—whether she was an invitee, a licensee, or a trespasser on the premises.   *Motel 6 G.P., Inc. v. Lopez*, 929 S.W.2d 1, 3 (Tex. 1996); *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901, 910 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Blancett v. Lagniappe Ventures, Inc.*, 177 S.W.3d 584, 590 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *Ruvalcaba*, 64 S.W.3d at 133; *Lacy v. Rusk State Hosp.*, 31 S.W.3d 625, 630 (Tex. App.—Tyler 2000, no pet.).

The owner or operator of property owes the highest degree of care to an invitee.  *Knorpp*, 981 S.W.2d at 471; *Richardson*, 963 S.W.2d at 164.   "An invitee is a person who enters the premises of another at the express or implied invitation from the owner or occupier for their mutual benefit."  *Lacy*, 31 S.W.3d at 630; *accord Forester v. El Paso Elec. Co.*, 329 S.W.3d 832, 837 (Tex. App.—El Paso 2010, no pet.); *McClure v. Rich*, 95 S.W.3d 620, 625 (Tex. App.—Dallas 2002, no pet.); *Ruvalcaba*, 64 S.W.3d at 134.   In the instant case, the parties do not dispute that, as a customer of the store, Weldon qualifies as an invitee for purposes of a premises liability claim.  *See Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir. 2003); *Lopez*, 929 S.W.2d at 3; *Bowman*, 317 S.W.3d at 503.

A suit brought by an invitee against a possessor of land is a simple negligence action. *Corbin*, 648 S.W.2d at 295; *Bowman*, 317 S.W.3d at 503; *Ramirez*, 909 S.W.2d at 67. Consequently, the standard of conduct required of a possessor of land toward an invitee is a duty to exercise reasonable care to protect the invitee from dangerous conditions on the land that are known or discoverable. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002); *CMH Homes, Inc. v. Daenen*, 15 S.W.3d 97, 101 (Tex. 2000); *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (citation omitted)); *Bowman*, 317 S.W.3d at 503. A landowner owes an invitee a duty to exercise ordinary care to protect the invitee not only from those risks of which the owner is actually aware, but also those risks of which the owner should be aware after reasonable inspection. *Daenen*, 15 S.W.3d at 101; *Lopez*, 929 S.W.2d at 3; *Farrar v. Sabine Mgmt. Corp.*, 362 S.W.3d 694, 702 (Tex. App.—Houston [1st Dist] 2011, no pet.); *Bowman*, 317 S.W.3d at 503.

"[A]n occupier's liability to an invitee depends on whether he acted reasonably in light of what he knew or should have known about the risks accompanying a premises condition, not on whether a specific set of facts or a specific breach of duty is established." *Lopez*, 929 S.W.2d at 4 (quoting *Corbin*, 648 S.W.2d at 295); *accord Jefferson Cty. v. Akins*, 487 S.W.3d 216, 226 (Tex. App.—Beaumont 2016, pet. filed). "[T]he occurrence of an accident is not of itself evidence of negligence." *Trejo v. Laredo Nat'l Bank*, 185 S.W.3d 43, 48 (Tex. App.—San Antonio 2005, no pet.); *accord Farrar*, 362 S.W.3d at 707. As with all negligence actions, the foreseeability of the harmful consequences resulting from the particular conduct is the underlying basis for liability. *Corbin*, 648 S.W.2d at 296; *Farrar*, 362 S.W.3d at 701. "A danger is foreseeable if the injury is of the type that 'might reasonably have been anticipated.'" *Reliable*

*Consultants, Inc. v. Jaquez*, 25 S.W.3d 336, 343 (Tex. App.—Austin 2000, pet. denied) (quoting

*Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 551 (Tex. 1985)); *accord Morris v. Tex. Parks*

*& Wildlife Dep't*, 226 S.W.3d 720, 728 n.8 (Tex. App.—Corpus Christi 2007, no pet.); *Tex.*

*Dep't of Transp. v. Pate*, 170 S.W.3d 840, 848 (Tex. App.—Texarkana 2005, pet. denied).

When an occupier has actual or constructive knowledge of any condition on the premises

that poses an unreasonable risk of harm to invitees, he has a duty to take whatever action is

reasonably prudent under the circumstances to reduce or to eliminate the unreasonable risks from

that condition. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 769 (Tex. 2010); *Zook v.*

*Brookshire Grocery Co.*, 302 S.W.3d 452, 454-55 (Tex. App.—Dallas 2009, no pet.). "However,

a land possessor's duty toward its invitee does not make the possessor an insurer of the invitee's

safety." *Gonzalez*, 968 S.W.2d at 936 (citing *McElhenny v. Thielepape*, 285 S.W.2d 940, 941

(Tex. 1956)); *accord Dixon*, 330 F.3d at 314; *Reece*, 81 S.W.3d at 814; *Daenen*, 15 S.W.3d at

101; *Bowman*, 317 S.W.3d at 504. Thus, "[t]here is no liability for harm resulting from

conditions from which no unreasonable risk was to be anticipated, or from those which the

occupier neither knew about nor could have discovered with reasonable care." *Lopez*, 929 S.W.2d

at 4 (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 61, at

426 (5th ed. 1984)).

To recover damages in a premises liability case, an invitee must prove the following

elements:

(1)     the owner or operator had actual or constructive knowledge of some
        condition on the premises;

(2)     the condition posed an unreasonable risk of harm;

13

(3)     the owner or operator failed to exercise reasonable care to reduce or eliminate the risk of harm; and

(4)     the owner or operator's failure to exercise reasonable care proximately caused the plaintiff's injuries.

*Dixon*, 330 F.3d at 314; *Daenen*, 15 S.W.3d at 99; *Gonzalez*, 968 S.W.2d at 936 (citing *Keetch*, 845 S.W.2d at 264; *Corbin*, 648 S.W.2d at 296); *Lopez*, 929 S.W.2d at 3; *Bowman*, 317 S.W.3d at 503. As a threshold requirement in a premises liability case, the plaintiff must show that the landowner had actual or constructive knowledge of the premises defect. *Cadenhead v. Hatcher*, 13 S.W.3d 861, 864 (Tex. App.—Fort Worth 2000, no pet.); *Richardson*, 963 S.W.2d at 165 (citing *Lopez*, 929 S.W.2d at 3).

### a.     Knowledge of Some Condition on the Premises

"An invitee must prove that the owner/operator either knew, or after reasonable inspection should have known, of an unreasonably dangerous condition before arguing that the owner/operator has breached a duty by failing to take any one of several precautions." *Richardson*, 963 S.W.2d at 165 (citing *Lopez*, 929 S.W.2d at 3-4); *see Drew v. Harrison Cty. Hosp. Ass'n*, 20 S.W.3d 244, 249 (Tex. App.—Texarkana 2000, no pet.); *Jackson v. Fiesta Mart, Inc.*, 979 S.W.2d 68, 71 (Tex. App.—Austin 1998, no pet.). "[W]hen circumstantial evidence is relied upon to prove constructive notice, the evidence must establish that it is more likely than not that the dangerous condition existed long enough to give the proprietor a reasonable opportunity to discover the condition." *Gonzalez*, 968 S.W.2d at 936; *see Richardson*, 963 S.W.2d at 165. In determining whether the landowner had a reasonable opportunity to discover the hazard, the courts will analyze "the combination of proximity, conspicuity, and longevity." *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567-68 (Tex. 2006). Temporal evidence, not

proximity evidence, however, remains the *sine qua non* of the landowner's constructive knowledge. *See Dixon*, 330 F.3d at 315.

Weldon claims that there were two dangerous conditions in Wal-Mart's store. First, she alleges that there was a ripple or bulge on the floor mat of which Wal-Mart had constructive knowledge. Weldon, however, has adduced no evidence that this specific ripple existed before, or at the time, of the alleged incident. It necessarily follows that if a plaintiff must prove that the defendant had knowledge of a condition, the plaintiff must also be able to prove the existence of the dangerous condition on the premises. *See Smith v. United States*, 727 F. Supp. 2d 533, 542 (E.D. Tex. 2010); *see also Reece*, 81 S.W.3d at 817. At deposition, Weldon admitted that she did not notice anything unusual, such as a ripple, about the mat prior to her fall. Henry, who flipped the mat with her foot, stated that the mat was flat on the floor as she approached it and could not say that the mat was lifted up until after she kicked it. Rather, Henry recalled that, after the incident, the mat went back to "its regular state," which was "back flush with the ground." Henry stated that, prior to the incident, the mat was the "smoothest thing in the world." The only affirmative evidence of any ripple on the mat are photographs taken at least thirty minutes after the incident, after at least a dozen customers had traversed the mat.[9] Accordingly, there is no proof that the specific ripple pictured existed at the time of Weldon's fall.

The second condition of which Weldon complains is Wal-Mart's practice of placing unsecured mats on the floor, which she claims created a risk that customers would kick them up and form tripping hazards, such as ripples and bulges. While Wal-Mart admits that it did not tape

---

[9] An affidavit provided by Wal-Mart's custodian of video data shows that Weldon fell at approximately 6:52 p.m., and the first photograph was taken at approximately 7:24 p.m.

this particular mat or others like it, there is no evidence that Wal-Mart had actual knowledge that this posed a risk of harm or that the mat had developed a ripple or bulge. To prove that Wal-Mart had actual knowledge that the mat had developed a ripple, Weldon relies on the statement of the Vidor store manager, Duhon, who indicated that she could not testify that the ripple was not there at the time of the incident. Nevertheless, being unable to say the ripple was not there is not equivalent to saying that she, or anybody else at Wal-Mart, knew the ripple was, in fact, there.

The record also contains no direct evidence of constructive notice. Therefore, to avoid summary judgment, Weldon must present sufficient circumstantial evidence of constructive notice. Weldon argues that Wal-Mart should be charged with constructive notice because one of its employees placed the mat on the floor. "The fact that the owner or occupier of a premises created a condition that posed an unreasonable risk of harm may support an inference of knowledge." *Keetch*, 845 S.W.2d at 265 (citing *Coffee v. F.W. Woolworth Co.*, 536 S.W.2d 539 (Tex. 1976); *Seideneck v. Cal. Bayreuther Assocs.*, 451 S.W.2d 752 (Tex. 1970)). Nevertheless, it is improper for the court to draw the inference unless knowledge of the dangerous condition is uncontroverted. *Keetch*, 845 S.W.2d at 265. Generally, courts are willing to make this inference in favor of a plaintiff only where the defendant admits knowledge of the condition. *See id.* For example, in *Corbin*, the plaintiff was injured when he slipped on a grape that had fallen from a grape display, which had been created by the defendant, Safeway. 648 S.W.2d at 294. Safeway readily admitted that, although it did not know that there was a grape on the floor at the time of the fall, it did know of the unusually high risk associated with its grape display. *Id.* at 296. The *Corbin* court held that this admission satisfied the knowledge requirement. *Id.* Thus, Safeway did not have to know that

a specific grape was on the floor at a particular time so long as it knew that grapes would likely be on the floor due to the nature of the display.  *See id.*

In the present case, knowledge of the condition is contested.  Wal-Mart denies any knowledge that the mat was rippled or could become rippled.  The evidence shows that the mat in question was a skid-proof mat.  Duhon testified that mats of this type do not need to be taped to the floor because of the way they are made.  Specifically, the mat has a backing laden with points or nipples, which prevents the mat from slipping.   Wal-Mart had a practice of not taping these mats to the floor because, according to Duhon, taping the mats could present a safety issue.  Further, Duhon testified that in her nine years as the Vidor store manager, no one had ever reported an accident involving this or any other type of floor mat.  Thus, the evidence shows that Wal-Mart's knowledge about the nature of the mats was that they would not slip around if left untaped.[10]  Accordingly, knowledge cannot be inferred solely from the fact that Wal-Mart placed the mat on the floor.

Weldon also claims that Wal-Mart would have knowledge that the mat had developed a ripple if it had conducted an adequate inspection.  Nevertheless, in *Richardson*, the court rejected the notion that constructive knowledge of a dangerous condition could be inferred from the owner's failure to have a reasonable inspection procedure, finding that such an argument "confuses the 'reasonable care' element of premises liability with the 'constructive notice' element."  963 S.W.2d at 166.  "Absent evidence of the length of time that the [condition] had been on the floor, there can be no inference that any increased level of inspecting or cleaning by

---

[10] Weldon has adduced no evidence to the contrary.  The record contains no evidence of prior incidents involving mats at the Vidor store or any other Wal-Mart stores.

Wal-Mart would have discovered and remedied the condition." *Id.* (citing *Joachimi v. City of Houston*, 712 S.W.2d 861, 863 (Tex. App.—Houston [1st Dist.] 1986, no writ)). Indeed, as detailed above, neither Weldon nor Henry noticed a ripple in the mat in question immediately prior to the incident.

Finally, when presented with Wal-Mart's general inspection policy regarding the various types of mats used in the Vidor store, Duhon testified that Wal-Mart knew up-turned corners or bulges in mats are tripping hazards. According to Duhon, Wal-Mart's policy required its employees to check mats for tripping hazards and to correct any they found. Nevertheless, this evidence alone does no more than give rise to a mere surmise or suspicion that Wal-Mart could have possessed knowledge of a dangerous condition on its premises. Thus, Weldon has failed to raise a genuine issue of material fact regarding the existence of a dangerous condition of which Wal-Mart had knowledge.

### b. A Condition Posing an Unreasonable Risk of Harm

To prevail, a plaintiff in a premises liability case must be able to show that some condition on the premises presented an unreasonable risk of harm. *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007) (citing *Seideneck*, 451 S.W.2d at 754); *Keetch*, 845 S.W.2d at 264. Significantly, "a condition is not unreasonably dangerous simply because it is not foolproof." *Brinson*, 228 S.W.3d at 163 (citing *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 410 (Tex. 2006)). Rather, "[a] condition poses an unreasonable risk of harm when there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen." *Dietz v. Hill Country Rests., Inc.*, 398 S.W.3d 761, 767 (Tex. App.—San Antonio 2011, no pet.) (citing *Cty. of Cameron v. Brown*, 80 S.W.3d 549,

556 (Tex. 2002); *Seideneck*, 451 S.W.2d at 754). While there is no definitive, objective test for determining whether a condition presents an unreasonable risk of harm, courts typically look for evidence of other falls attributable to the same condition, the defectiveness of the condition causing the fall, or other complaints regarding the lack of safety or unusual nature of the premises condition. *Seideneck*, 451 S.W.2d at 754; *Dietz*, 398 S.W.3d at 767-68.

In this case, Henry testified that she had been to the Vidor Wal-Mart hundreds of times and had walked over this mat, or similar mats, without experiencing any problems. She had never observed another person having problems with this particular mat, either on the day of the incident or during any of her other visits to the Vidor store. As mentioned above, at her deposition, Duhon testified that she had managed the Vidor Wal-Mart for nine years. Throughout these nine years, no one, other than Weldon, had reported an accident involving this mat, or others like it. Thus, there is no evidence of any previous falls attributable to the mats.

Further, the evidence fails to suggest that the mat was defective on the day of the incident. Rather, the evidence reflects that the mat at issue is a skid-proof mat with a nipple backing, which prevents the mat from slipping. Due to the nature of this backing, the mat did not need to be taped to the floor. According to Duhon, the mats were placed in the vestibule during rainy days and stored the remainder of the time. The mats were rolled up when stored, which caused the thicker mats that Wal-Mart had used in the past to develop permanently rolled edges. Because the edges were rolled up, the mats would not stay down and needed to be taped down. This prompted Wal-

Mart to replace them with thinner, skid-proof mats, like the one at issue.[11]  The thinner mats did not present this problem.

On the day of the incident, Weldon did not notice any problems with the mat, including any ripples or bulges.  Further, she referred to her fall as a "freak accident."  At deposition, Henry stated that she did not notice anything unusual about the mat.  Rather, Henry referred to the mat as "flat," "flush to the floor," and "the smoothest thing in the world.  Viewing the evidence in the light most favorable to Weldon, there is insufficient evidence from which it could be inferred that the floor mat or any other condition at the Vidor Wal-Mart on the day of the incident posed an unreasonable risk of harm.  Therefore, summary judgment is mandated with respect to Weldon's premises liability claim.

III.    Conclusion

Consistent with the foregoing analysis, Weldon presents no claim that warrants relief.  She has failed to raise a genuine issue of material fact with respect to her premises liability claim under either a negligent activities or a premises defect theory.  Consequently, Wal-Mart is entitled to judgment as a matter of law.  Accordingly, Wal-Mart's Motion for Summary Judgment is GRANTED.

---

[11] Weldon suggests that Wal-Mart's taping down these other, different mats is evidence of the unreasonable risk posed by the mat at issue.  To support this argument, she cites *McEwen v. Wal-Mart Stores, Inc.*, in which the court held that similar events are admissible if the earlier accident occurred under reasonably similar circumstances.  975 S.W.2d 25, 29 (Tex. App.—San Antonio 1998, pet. denied). *McEwen*, however, involved the admissibility of such evidence, which is not at issue here.  In any event, Weldon has not produced any evidence of the similarity between the old mats, which were taped down, and the mat in question.  Instead, all the evidence shows that these two types of mats were different.

SIGNED at Beaumont, Texas, this 10th day of August, 2016.


_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE